PER CURIAM.
|,The State filed the instant action against defendant in East Baton Rouge Parish based on La. R.S. 22:1931.5(4) of the Sledge Jeansonne Louisiana Insurance Fraud Prevention Act (“Jeansonne Act”), and La. R.S. 51:1405 of the Louisiana Unfair Trade Practices Act (“LUTPA”). The district court ruled the LUTPA claims were filed in an improper venue. It further ruled the Jeansonne Act and LUTPA did not apply to defendant’s conduct as it occurred prior to their effective dates. On appeal, the court of appeal determined the district court correctly granted the exception of improper venue, but vacated the judgment in all other respects. Both the State and defendant seek review in this court.
We conclude the lower courts erred in finding venue was improper in East Baton Rouge Parish as to the LUTPA claim. The Jeansonne Act sets forth a mandatory venue for that claim in East Baton Rouge Parish pursuant to La. R.S. 22:1931.3(E)(“Any action brought pursuant to the provisions of this Part shall be filed in the Nineteenth Judicial District Court for the parish of East Baton Rouge”). Because there is no common venue for the Jeansonne Act and LUTPA claims, the | adoctrine of ancillary venue applies, making East Baton Rouge Parish a proper venue for both claims.
Therefore, venue is also proper in East Baton Rouge Parish as to the LUTPA claim under the doctrine of ancillary venue. See Underwood v. Lane Memorial Hosp., 97-1997 (La.7/08/98), 714 So.2d 715. Because venue was proper as to both claims in East Baton Rouge Parish, the district court did not err in reaching the remaining exceptions.
Accordingly, the writs are granted. The judgment of the court of appeal is vacated insofar as it holds venue is not proper in East Baton Rouge Parish. The ease is remanded to the court of appeal to consider the remaining assignments of error.